## Middleton's Estate.

*Statute of limitations—Admission of indebtedness—Decedents'
estates.*

Where a son, at the audit of his account as administrator of his
mother, admits in the presence of other heirs-at-law of the decedent,
that he testified before the register of wills, when he applied for
letters of administration that he was indebted to the estate of his
mother, he makes such an acknowledgment of indebtedness as im-
plies a promise to pay, and it is "made to the creditor, or his known
agent," within the meaning of the statute of limitations.

Argued Oct. 5, 1916. Appeal, No. 403, Oct. T., 1915, by
Edward H. Middleton, deceased, from decree of O. C.
Philadelphia Co., Jan. T., 1914, No. 279, dismissing ex-
ceptions to adjudication in Estate of Emma E. Middle-
ton, deceased. Before ORLADY, P. J., PORTER, HENDER-
SON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Af-
firmed.

Exceptions to adjudication.
DALLET, P. J., the auditing judge, found as follows:
Edward H. Middleton, having been called for cross-

16, (1916).]    Statement of Facts—Opinion of the Court.

examination, and asked, "How much do you owe the estate?" answered, "I do not know as I owe it anything."

It appears, however, that when he applied for letters of administration, he testified before the register, in answer to the question, "Do you still owe the estate?" "I claim I owe the estate $2,000." At the audit he explained that he had made a mistake and had found out subsequently that his indebtedness remaining unpaid was $1,750. He also testified that all his loans had been obtained before 1908.

The auditing judge found that the debt was not barred by the statute, and as the debt was an excess of Edward H. Middleton's share in the estate awarded him nothing.

Exceptions to the adjudication were dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*Matthew Randall,* with him *Alexander M. DeHaven,* for appellants.—No promise to pay was implied by the admission: Henry v. Zurflieh, 203 Pa. 440; Palmer v. Gillespie, 95 Pa. 340; Lawson v. McCartney, 104 Pa. 356; Ward v. Jack, 172 Pa. 416; Light's Est., 136 Pa. 211.

*Joseph R. Embery,* for appellee.—This case is ruled by Drawbaugh v. Drawbaugh, 7 Pa. Superior Ct. 349.

OPINION BY HEAD, J., November 2, 1916:

At the adjudication of the estate of Emma E. Middleton, deceased, in the Orphans' Court of Philadelphia County, the appellant, a son of the decedent, claimed a share of the fund for distribution. The claim was resisted on the ground he was a debtor of the estate in a sum much larger than what would otherwise be his distributive share. The fact of the indebtedness does not appear to be contested. It is however urged the statute of limitations had barred the recovery of the debt and therefore

its existence interposed no legal obstacle to his sharing in the distribution.    The answering argument is the statutory bar had been lifted by such an acknowledgment of the debt as was legally sufficient to work that result.

At the hearing the appellant was called for cross-examination.    He admitted there he was indebted to the estate of his mother in the sum of $1,750.00, borrowed in 1908 or 1909 "as a loan on the Sweet Brier property." He declared that in a hearing before the register of wills when he applied for letters of administration on the estate, he had made a like acknowledgment of his indebtedness except for a mistake in the amount.    This he corrected in his testimony before the adjudicating judge.

It appears to us the acknowledgment so made was a clear and unequivocal one, consistent in every way with a promise to pay.    No such promise was expressed by the debtor, but it need not be.    The law will imply the promise.    Was the acknowledgment "made to the creditor or his known agent"?    We answer in the affirmative. The creditor, herself, was dead.    It could not therefore be made to her.    Her personal representative was in court with the account of his stewardship.    The adjudicating judge was about to make distribution of the fund shown by that account.    The heirs at law of the decedent, the owners of her estate, remaining after the payment of her debts, were present in person or represented by counsel.    If among these could not be found the "known agent" of the deceased creditor, where could we look for such agent?

We are of opinion the adjudicating judge reached a correct conclusion in determining the acknowledgment of the debt was sufficient to take the debt out of the operation of the statute.    That being true the adjudication was correct.    It was confirmed by the court in banc and we can see no sound reason for disturbing the decree.

Decree affirmed.